UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROOSEVELT COOPER as Personal
Representative for and on behalf of THE
ESTATE OF BYRON O'BRIEN COOPER,

      Plaintiff,                                 CASE NO. _____

v.

THE SEMINOLE TRIBE OF FLORIDA

      Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ROOSEVELT COOPER as Personal Representative for and on behalf of THE ESTATE OF BRYAN O'BRIEN COOPER, by and through undersigned counsel, and sues the Defendant, THE SEMINOLE TRIBE OF FLORIDA, for compensatory and punitive damages and states as follows:

### Venue and Jurisdiction

1. This is an action for wrongful death, pursuant to Chapter 768 of Florida Statutes, for damages in excess of $75,000.00, exclusive of post judgment interest, cost, and attorneys' fees.

2. Pursuant to 28 U.S.C §1331 and 28 U.S.C. §2201 et seq., this Court has subject matter jurisdiction because federal law has divested the Defendant of its power to compel Plaintiff, a non-Indian, to submit to the civil jurisdiction of the Seminole Indian Tribal Court; therefore it is federal law upon which Plaintiff relies as a basis for relief.

3. Upon information and belief, this Court has jurisdiction pursuant to 25 U.S.C. §2701, et seq., which authorizes the Defendant to operate a casino on their property; however, in doing so, the Defendants must operate in compliance with both federal and state laws.

4. Plaintiff, ROOSEVELT COOPER, is the duly appointed Personal Representative of the Estate of BYRON O'BRIEN COOPER, who died tragically on January 28, 2016.

5. At all times relevant hereto, Plaintiff ROOSEVELT COOPER and the decedent BYRON O'BRIEN COOPER were residents of Hillsborough County, Florida.

6. Plaintiff is sui juris and is entitled to maintain this action.

7. At all times material hereto, Defendant The SEMINOLE TRIBE OF FLORIDA., was a resident of Broward County, Florida, is a federally recognized Indian tribe.

8. The Defendant The SEMINOLE TRIBE OF FLORIDA own and/or operate the Seminole Hard Rock Hotel and Casino Tampa located at 5223 Orient Road, Tampa, Florida, which is a gambling and hotel facility open twenty-four (24) hours per day that including gaming ventures and gaming machines.

9. This Court has personal jurisdiction over the Defendant pursuant to section 48.193, Florida Statutes, because the Defendant has, at all times relevant thereto, through their agents, officers, and/or representatives:

   a. Operated, conducted, engaged in, and/or carried on a business or business venture in the State of Florida and, have an office and/ or agency within the State of Florida;

   b. Committed tortious acts and/or omissions in the State of Florida;

 c. Owned, used, or held a mortgage or other lien on real property within the State of Florida;

 d. Contracted to insure a person, property, or risk located within the State of Florida at the time of contracting; and/or

 e. Engaged in substantial and not isolated activities within Florida, whether such activities are wholly interstate, intrastate, or otherwise, for example by maintaining the subject Seminole Hard Rock Hotel & Casino as well as stores, offices, employees, and/or registe4red agents in Florida, selling products in Florida, advertising in Florida, or entering into contracts in the State of Florida.

10. Venue is proper in the Southern District of Florida because the Defendant is a citizen of Broward County, Southern District of Florida.

## Facts Common to All Counts

6. On or about January 27, 2016 the decedent, Byron O'Brien Cooper, was a patron and/or invitee at the Hard Rock Hotel and Casino Tampa (hereinafter "The Casino").

7. While gambling in The Casino, the decedent, Byron O'Brien Cooper, received a phone call which prompted him to get up from the table.

8. The decedent, Byron O'Brien Cooper, left his chips on the table when he got up.

9. The decedent, Byron O'Brien Cooper, exited The Casino, walking across the valet area at The Casino entrance.

10. The decedent, Byron O'Brien Cooper, never returned to gambling table nor was he ever seen again alive.

11. The Casino maintained security for the protection of its patrons and/or invitees, including security cameras about the premises

12. Defendant THE SEMINOLE TRIBE OF FLORIDA (hereinafter "Defendant Tribe"), upon information and belief, owns and operates The Casino and controls its day-to-day operations including security on the premises.

13. Unbeknownst to the decedent, Byron O'Brien Cooper, security, controlled by the Defendant Tribe at The Casino, failed to properly monitor and secure the premises.

14. On or about January 28, 2016, decedent Byron O'Brien Cooper, was found dead in a fresh water pond located on The Casino premises.

## COUNT I
## NEGLIGENCE

15. Plaintiff re-alleges and incorporates paragraphs 1-14 above as if more fully restated herein.

16. At all times material hereto, decedent Byron O'Brien Cooper was an invitee of the Defendant Tribe at The Casino.

17. The Defendant Tribe owed a reasonable duty of care to the decedent and all foreseeable invitees on the premises to provide proper and adequate lighting in areas where persons could reasonably be expected to travel, to warn foreseeable plaintiffs of dangerous conditions on the premises, and to provide reasonable security to ensure the safety of foreseeable patrons and/or invitees

18. The Defendant Tribe breached its duty when it failed to (i) maintain the proper and adequate lighting on the premises, (ii) warn foreseeable invitees of dangerous conditions on the premises, (iii) to restrict areas of the property that were either not intended for unauthorized traffic or unreasonably dangerous from access by foreseeable invitees and/or plaintiffs, and (iv) engaging in other acts of negligence to be discovered during discovery.

19. The Defendant Tribe's breach proximately and directly caused severe damages to decedent Byron O'Brien Cooper, resulting in the loss of his life.

20. As a result of The Defendant Tribe's breach, Plaintiff Cooper and the Estate of Decedent Byron O'Brien Cooper have suffered damages including, but not limited to, emotional pain and suffering, and financial damages.

    WHEREFORE, the Plaintiff demands judgement for damages against the Defendant Tribe in an amount to be determined at trial along with such further relief that is allowable under the law and which this Court deems just and proper.

## COUNT II
## PREMISES LIABLITY

21. Plaintiff re-alleges and incorporates paragraphs 1-14 above as if more fully restated herein.

22. At all times material to this action the Defendant Tribe was in control of the premises on which this incident occurred.

23. The Defendant Tribe had a duty to maintain the premises in a reasonably safe manner in order to protect its customers, guests, and invitees.

24. By failing to properly and adequately maintain the premises in a reasonably safe manner by failing to install and maintain proper lighting on the premises, failing to implement reasonable and adequate security measures, failing to warn of dangerous conditions on the premises, and failing to restrict access to unreasonably dangerous areas of the premises, the Defendant Tribe breached its duty.

25. As a direct and proximate result of Defendant Tribe's breach, the decedent Byron O'Brien Cooper suffered severe damages, resulting in the loss of his life.

26. As a result of The Defendant Tribe's breach, Plaintiff Cooper and the Estate of Decedent Byron O'Brien Cooper have suffered damages including, but not limited to, emotional pain and suffering, and financial damages.

   WHEREFORE, the Plaintiff demands judgement for damages against the Defendant Tribe in an amount to be determined at trial along with such further relief that is allowable under the law and which this Court deems just and proper.

## COUNT III
## BREACH OF IMPLIED CONTRACT

27. Plaintiff re-alleges and incorporates paragraphs 1-14 above as if more fully restated herein.

28. The Defendant Tribe, in an effort to promote business and secure profit from their patrons and/or lawful invitees, made a tacit promise to all foreseeable invitees, including the decedent Byron O'Brien Cooper, one that is inferred in whole or in part from Defendant' conduct by advertising and promoting The Casino, and guaranteeing sufficient security from harm.

29. By failing to properly and adequately maintain the premises in a reasonably safe manner by failing to install and maintain proper lighting on the premises, failing to implement reasonable and adequate security measures, failing to warn of dangerous conditions on the premises, and failing to restrict access to unreasonably dangerous areas of the premises, the Defendant Tribe breached its implied contract.

30. As a direct and proximate result of Defendant Tribe's breach, the decedent Byron O'Brien Cooper suffered severe damages, resulting in the loss of his life.

31. As a result of The Defendant Tribe's breach, Plaintiff Cooper and the Estate of Decedent Byron O'Brien Cooper have suffered damages including, but not limited to, emotional pain and suffering, and financial damages.

WHEREFORE, the Plaintiff demands judgement for damages against the Defendant Tribe in an amount to be determined at trial along with such further relief that is allowable under the law and which this Court deems just and proper.

## COUNT IV
## NEGLIGENT HIRING AND RETENTION

32. Plaintiff re-alleges and incorporates paragraphs 1-14 above as if more fully restated herein.

33. At all times relevant hereto, the Defendant Tribe owed a duty to the decedent Byron O'Brien Cooper to use reasonable care in the hiring and retention of employees, agents, and ostensible agents, including security personnel, and others who were responsible for maintaining the premises in a safe and secure manner.

34. At all times material hereto, the Defendant Tribe was vicariously liable for the acts and omissions of its subject employees, agents, and ostensible agents.

35. The Defendant Tribe breached its duty to the foreseeable plaintiffs including the decedent by:

    a. Negligently failing to ensure that each of the subject security personnel was qualified and fit to perform his or her job;

    b. Negligently hiring underqualified and unfit employees, including security personnel;

    c. Negligently retaining the subject employees although they failed to maintain the proper safety regulations;

    d. Negligently retaining the subject employees provided they failed to adhere to the Defendant Tribe's policies and procedures; and/or

    e. Negligently failing to enforce reasonable policies and procedures

36. As a direct and proximate result of Defendant Tribe's breach, the decedent Byron O'Brien Cooper suffered severe damages, resulting in the loss of his life.

37. As a result of The Defendant Tribe's breach, Plaintiff Cooper and the Estate of Decedent Byron O'Brien Cooper have suffered damages including, but not limited to, emotional pain and suffering, and financial damages.

WHEREFORE, the Plaintiff demands judgement for damages against the Defendant Tribe in an amount to be determined at trial along with such further relief that is allowable under the law and which this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff ROOSEVELT COOPER as Personal Representative for and on behalf of The Estate of Byron O'Brien Cooper, demands a jury trial on all issues so triable, as a matter of right by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ROOSEVELT COOPER as Personal Representative for and on behalf of The Estate of Byron O'Brien Cooper, pray that this Court enter judgment in their favor on every claim for relief set forth above and award them relief including, but not limited to, the following:
1. Relief for general damages in an amount according to proof at trial;
2. Relief for economic losses, in an amount according to proof at trial;
3. Relief for repair, depreciation, and/or replacement of damaged, destroyed, and/or lost personal property;
4. Relief for the loss of the us and benefit of Plaintiffs' real and/or personal property;
5. Relief for past and future medical expenses and related expenses according to proof at trial;
6. Relief general damages and special damages;
7. Costs of suit incurred herein;
8. That summons and process be issued and provided by law; and
9. for any such other and further relief as the Court deems just and proper.

Dated: January 29, 2018

Respectfully submitted,

_/s/ Sekou M. Gary_

**GARY, WILLIAMS, PARENTI,
WATSON & GARY, P.L.L.C.**
Sekou M. Gary, Esq.
Florida Bar No.: 372640
Attorneys for Plaintiff
221 S.E. Osceola Street
Stuart, FL 34994
Phone : (772) 283-8260
Fascimile: (772) 219-3365
sekou@williegary.com
mia@williegary.com
js@williegary.com